[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15998
Non-Argument Calendar

_____

D. C. Docket No. 04-02633-CV-TCB-1

DEMETRIUS WALLACE,

Plaintiff-Appellant,

versus

D. L. SMITH,
DEKALB COUNTY GEORGIA,

Defendants-Appellees,

LINDA HUNTER, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 27, 2008)**

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Demetrius Wallace, a Georgia state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against D. L. Smith, a Georgia state police officer, and other officials of DeKalb County, Georgia, in which Wallace alleged that Smith violated his Fourth Amendment rights by arresting him without probable cause. On appeal, Wallace argues that the district court erred and displayed impropriety by granting summary judgment to Smith because the arrest warrant was not supported by probable cause, and the court relied on extra-affidavit information to find that there was no genuine issue of material fact.

We review pro se pleadings liberally, holding them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). We review de novo the district court's grant of summary judgment, applying the same standard as the district court and viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

For summary judgment, the moving party must first "identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and alterations omitted). For an issue on which the non-moving party bears the burden of proof, the moving party need only show "that there is an absence of evidence to support the non-moving party's case." Id. at 1115-16 (quotation omitted). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial. Id. at 1116; Fed.R.Civ.P. 56(e). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

3

(1986).

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. To succeed in a 42 U.S.C. § 1983 claim based on an unlawful arrest, the plaintiff has the burden of showing the absence of probable cause. Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1998). Probable cause to arrest exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense." Id. at 1435 (quotation omitted). An arrest warrant issued solely on the basis of an affidavit containing a conclusory assertion by the affiant that the defendant committed an offense, without more, does not show probable cause. Garmon v. Lumpkin County, Ga., 878 F.2d 1406, 1408-09 (11th Cir. 1989). However, the Fourth Amendment does not bar consideration of "an affiant's oral testimony, extrinsic to the written affidavit, which is sworn before the issuing magistrate, in determining whether the warrant was founded on probable cause." U.S. v. Hill, 500 F.2d 315, 320-21 (5th Cir. 1974); see also Garmon, 878 F.2d at 1409 n.1.

In this case, the arrest warrant affidavit contained only a conclusory assertion that Wallace committed the offense described therein. It was insufficient

4

to support an independent assessment of probable cause. However, the arrest warrant itself, issued by a state magistrate judge, stated:

> For sufficient cause made known to me in the above Affidavit, incorporated by reference herein, <u>and other sworn or affirmed testimony establishing probable cause for the arrest of the Defendant named in the foregoing Affidavit</u>, you are hereby commanded to arrest said Defendant charged by the Prosecutor therein with the offense against the laws of this State named in said Affidavit and bring him or her before me or some other judicial officer of this State to be dealt with as the law directs.

(emphasis added). On the face of the warrant, "other sworn or affirmed testimony" presented to the magistrate established probable cause to issue the warrant. Wallace failed to point to any evidence suggesting otherwise. Thus, Wallace failed meet his burden to present triable facts showing an absence of probable cause for the issuance of the arrest warrant. Accordingly, we conclude the district court did not err or display impropriety by granting summary judgment to Smith and dismissing Wallace's case.

AFFIRMED.[1]

---

[1] The appellant's request for oral argument and court appointed counsel is DENIED.